DEFFERARI et al. v. CITY OF GALVESTON et al.   (No. 7735.)*

(Court of Civil Appeals of Texas.   Galveston. Dec. 20, 1918.   Rehearing Denied Jan. 16, 1919.)

1. APPEAL AND ERROR &#8660;733—ASSIGNMENTS OF ERROR—GENERALITY.

Assignments of error that judgment is contrary to evidence and law applicable to case, that trial court erred in not granting plaintiff's prayer for temporary injunction on case made, and that judgment is contrary to law and unsupported by evidence or any evidence, *held* too general to require consideration.

2. MUNICIPAL CORPORATIONS &#8660;603 — PROTECTION AGAINST FIRE — DILAPIDATED BUILDINGS—NUISANCE.

Where buildings of plaintiffs, landlord and tenant, were so dilapidated as to render them menace to public safety in their tendency to promote fires, and therefore were a public nuisance, city and officials under ordinance could lawfully remove them, after due notice to and hearing of plaintiffs.

3. MUNICIPAL CORPORATIONS &#8660;603 — FIRE NUISANCES—VALIDITY OF ORDINANCES.

City ordinances, empowering mayor and other officials on due notice and hearing to remove buildings within fire limits of city which are in such condition of dilapidation as to be nuisance in tendency to promote fires, are valid.

Appeal from District Court, Galveston County; Robt. G. Street, Judge.

Suit by Louisa Defferari and B. Varontes against the City of Galveston and others. From an order refusing to grant temporary injunction, plaintiffs appeal. Affirmed.

Aubrey Fuller, of Galveston, for appellants.

Mart H. Royston, of Galveston, for appellees.

PLEASANTS, C. J. Appellants, Mrs. Defferari and B. Varontes, brought this suit against appellees, the city of Galveston and the mayor and members of the board of commissioners of said city, for an injunction restraining them from taking down and removing certain buildings in the city of Galveston owned by appellants, and which had been declared a nuisance by said board and ordered removed, and for mandamus to compel said board to grant appellants permission to repair said buildings. This appeal is from an order of the district court refusing to grant a temporary injunction.

The facts upon which the application is based are in substance as follows:

The appellant Louisa Defferari is the owner of the premises situated on the northeast corner of Tremont and Winnie streets in the city of Galveston, and the buildings situated thereon are wooden buildings. Varontes is a tenant of one of these buildings. The premises are and have been for many years within the fire limits established by the ordinances of the city of Galveston.

On or about July 12, 1917, the mayor-president of the board of commissioners of the city of Galveston reported to the board of commissioners of the city of Galveston the dilapidated and unsanitary condition of the premises, and the matter was by the board of commissioners referred to the committee provided for in article 241 of the ordinances of the city of Galveston, and thereafter, on July 19, 1917, such committee reported to the board of commissioners that they had examined the premises, and after a thorough examination and inspection found them to be in a dilapidated and unsanitary condition and a nuisance to the public and a fire hazard, and that said buildings in their present condition constituted, in the opinion of the committee, a nuisance, and it was recommended that the same be taken down and removed from the premises or thoroughly repaired. Whereupon, the report being received by the board of commissioners, the secretary was directed to cite the owners to appear before the board of commissioners on July 26, 1917, to show cause, if any they could, why such buildings should not be removed and such nuisance abated.

In response to such notice so served the appellant, Louisa Defferari appeared before the board of commissioners by her agent, Frank Defferari, and requested an extension of time in which to have the buildings taken down, and the board of commissioners granted an extension of 90 days; and thereafter, on August 9, 1917, the appellant, Louisa Defferari, acting through her agent, Frank Defferari, petitioned the board of commissioners for permission to repair said premises, which petition was by the board of commissioners refused, and thereafter, on October 25, 1917, the board of commissioners granted a further extension of time to appellant in which to remove said buildings.

Thereafter, on June 6, 1918, it appearing to the board of commissioners that the appellant Louisa Defferari had failed and refused to remove said buildings and to abate said nuisance, the board of commissioners again considered said matter, and, it appearing to the board that the said buildings had not been removed or the nuisance abated, the board, having heard and considered the report of the inspector of said premises, and having read and considered the evidence as to the condition of the premises, and having fully considered the facts, reached the opinion that the buildings were dilapidated and were a fire hazard and a nuisance to the health of the public, and in their present condition constituted a nuisance, and that said buildings were frame buildings and within the fire limits of the city of Galveston, the mayor-president was directed to notify the owners of said buildings to remove the same within 7 days, and in the event of their refusal and failure so to do, the mayor-president was instructed to have said buildings taken down and removed, and said nuisance abated.

We find that the evidence before the board of commissioners and that adduced upon the trial was amply sufficient to sustain the finding that the buildings in question are in such dilapidated condition as render them a menace to the public safety in their tendency to cause and promote fires, and because of such condition they are a public nuisance. The hearing before the board of commissioners was upon due notice to appellants, and was conducted in all respects in accordance with the charter and ordinances of the city of Galveston.

[1] The first three assignments of error, which are grouped and presented together in appellants' brief, are as follows:

"First Assignment of Error.

"First ground of error as shown by the transcript: 'The judgment of the court is contrary to the evidence and the law applicable to the case.'

"Second Assignment of Error.

"The court erred in not granting appellants' prayer for a temporary injunction, upon the case made.

"Third Assignment of Error.

"The judgment of the court entered herein on the 13th day of July, A. D. 1918, is contrary to law and unsupported by the evidence or any evidence in the case."

[2] These assignments are too general to require consideration; but, if this objection be waived, our findings of fact above stated are a sufficient answer to each of the propositions presented under said assignments.

[3] Other assignments presented question

the validity of the charter and ordinances under which the board of commissioners acted in condemning the buildings as a public nuisance, on the ground that they are violative of the constitutional prohibition against depriving a citizen of property except by due course of the law of the land.

These identical questions were presented and passed upon by this court in the case of Crossman v. City of Galveston, 204 S. W. 128, adversely to appellants' contention, and it is unnecessary for us to discuss them further in this opinion.

For the reasons stated in the opinion referred to, we hold that the charter and ordinances are valid.

We think the ruling of the trial court, refusing the temporary injunction, was correct, and should be affirmed.

Affirmed.